AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA

V.

David Williams
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case   CR 05-35 (KAJ)

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence   a preponderance of the evidence : Although defendant is presently serving a sentence of 17 to 35 years for a conviction of attempted murder in state court, this court finds that defendant is a danger to the community for the present charge of a felon in possession of a weapon on the following bases:
1. The weapon involved in the state conviction was the same weapon used by the defendant in DE.
2. The unrefuted facts in this matter are as follows: after being involved in a altercation with security officers at the Concord Mall, defendant left the area in a vehicle. A witness to the altercation followed him to another parking lot on Naamans Road in DE. After the two vehicles came to a stop, defendant shot at the witness who had followed him and then drove off. The witness did not continue his pursuit (wisely) and contacted 911 to report the incident and provided a license plate (PA tags- car registered in that state in Philadelphia). Philadelphia police were contacted and went to the residence where the car was registered. The car was not registered in defendant's name. The police observed defendant driving to the residence and when they attempted to arrest him, a shoot out ensued. The weapon in defendant's possession is the same weapon described in the indictment. When interviewed, defendant admitted that he possessed/used the weapon during the shoot out, but denied that he had the weapon while he was in DE. Later, in a letter to PA state officials, he admitted that he also possessed this weapon in DE and shot at the witness.
3. Defendant's prior conviction history includes a robbery conviction in 1999. He also has 5 prior VOP proceedings in PA.
4. Defendant began using marijuana at age 13 and continued its use until September 2005.

The court advised defense counsel to address the issue of where defendant would be housed pending trial (state facility where he is actively involved in educational programs ands working) versus a federal institution with the district court judge assigned to this matter.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

_____
_____
_____
_____
_____
_____
_____
_____

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

January 25, 2006
Date

*Signature of Judicial Officer*
Mary Pat Thynge, Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).