

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*　　　　　　　　　　　*(302) 573-6277*
*1007 Orange Street, Suite 700*　　　　*FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

February 17, 2006

The Honorable Kent A. Jordan
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

    Re:    **United States v. David A. Williams,**
            **Criminal Action No. 05-35-KAJ**

Dear Judge Jordan:

      Enclosed please find a proposed plea agreement which the defendant has accepted. The parties request that the Court schedule a Rule 11 proceeding at its earliest convenience.

                                Respectfully submitted,

                                COLM F. CONNOLLY
                                United States Attorney

                   BY:  */s/ Richard G. Andrews*
                          Richard G. Andrews
                          First Assistant U.S. Attorney

RGA:taj
Enclosure

cc:    Eleni Kousoulis, Esquire

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
| )  | |
| Plaintiff,     ) | |
| v.     ) | Criminal Action No. 05-35-KAJ |
| )  | |
| DAVID A. WILLIAMS,     ) | |
| )  | |
| Defendant.     ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Richard G. Andrews, First Assistant United States Attorney for the District of Delaware, and the defendant, David A. Williams, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with being a prohibited person in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), which carries a maximum sentence of a term of imprisonment of ten years, a fine of $250,000, or both, three years supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove three elements of the offense – (1) that on or about August 8, 2004, he knowingly possessed a firearm and ammunition; (2) that at the time he had previously been convicted of a crime punishable by more than one year's imprisonment; and (3) that the firearm and ammunition affected interstate commerce, that is, that the firearm and ammunition had previously crossed state lines.

3. The defendant abandons any right, title and interest that he may have in the following firearm: a Norinco 9 mm pistol, Model L213, the firearm having been seized by Philadelphia Policee Officers on about August 8, 2004; agrees to execute all documents requested by the Government to

effect his abandonment; and agrees that the Bureau of Alcohol, Tobacco, Firearms and Explosives and/or Philadelphia Police Department may dispose of the firearms in whatever manner it deems appropriate.

4. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. He understands that the final determination of the sentencing guidelines will be up to the sentencing judge. The United States represents to the defendant that based on the timely acceptance of this plea agreement, and other factors, that it will move for a three-level reduction for acceptance of responsibility based on the defendant's conduct to date. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea.

5. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

6. The Government has represented to the Defendant that it believes that Sentencing Guideline §5G1.3(c) applies to his case, which means that the guidelines provide that the Court has discretion to sentence the defendant to a consecutive, a partially concurrent, or a fully concurrent sentence to the sentence he is already serving. The Government agrees to recommend a consecutive

sentence at the minimum of the sentencing guideline range. The Defendant understands that he can ask for a lesser sentence. The Defendant understands that the Court is not bound by any of the recommendations it receives, and, that if the Court sentences him to a greater sentence than he expects, or to a greater sentence than his attorney or the Government recommends, he cannot withdraw his guilty plea.

7.   The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8.   It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____         By:_____
Eleni Kousoulis, Esquire                Richard G. Andrews
Attorney for Defendant                  First Assistant United States Attorney


_____
David A. Williams
Defendant

Dated:

**AND NOW**, this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Kent A. Jordan
United States District Judge

3